**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL ISRAEL LIMA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 15-71116

Agency No. A074-812-497

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:   SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Daniel Israel Lima, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's order denying his motion to reopen removal proceedings conducted in

absentia.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for abuse

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646 F.3d 672, 678 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Lima's motion to reopen as untimely, where it was filed nine months after the issuance of his in absentia removal order, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen and rescind must be filed within 180 days), and Lima failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances). In light of this disposition, we do not reach Lima's contention that exceptional circumstances prevented him from appearing at his hearing.

We lack jurisdiction to review the agency's sua sponte determination. *See Mejia-Hernandez v. Holder,* 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**